IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA             :

   v.             :  Case No: CR-2-05-134

DUNYASHA MON YETTS              :  Judge HOLSCHUH

PLEA AGREEMENT

  Plaintiff United States of America and Defendant DUNYASHA YETTS hereby enter into the following Plea Agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure:

  1. Defendant DUNYASHA YETTS will enter a plea of guilty to Counts 1 and 2 of the Indictment which charge him with mail fraud in violation of 18 U.S.C. §1341 and Count 9 which charges him with conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C §841(a)(1) and §846.

  2. Defendant DUNYASHA YETTS understands the penalty that may be imposed pursuant to his pleas of guilty on Counts 1 and 2 is a maximum term of imprisonment of 20 years, a fine up to $250,000 and a term of supervised release of at least 3 years. The penalty that may be imposed on Count 9 of the Indictment is a maximum term of imprisonment of 20 years, a fine up to $1,000,000 and at least a three year term of supervised release.

3. Prior to or at the time the Defendant is sentenced, the Defendant will pay a special assessment of $300.00 as required in 18 U.S.C. §3013. This assessment shall be paid by the Defendant before sentence is imposed and Defendant will furnish a receipt at the time of sentencing. The payment shall be made to the United States District Court, at the Clerk's Office, Room 260, 85 Marconi Boulevard, Columbus, Ohio 43215.

4. If such a plea of guilty is entered, and not withdrawn, and the Defendant DUNYASHA YETTS acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio agrees to dismiss Counts 3, 4, 5, 6, 7, 8, 10, 11, 12 and 13 and to not file additional criminal charges against Defendant based on his activities charged in the Indictment, or based on other unlawful activities related to mail fraud and/or narcotics in the Southern District of Ohio occurring prior to the date of the Indictment and as to which the Defendant gives testimony or makes statements pursuant to this agreement.

5. Defendant DUNYASHA YETTS agrees to testify truthfully and completely concerning all matters pertaining to the Indictment filed herein and to any and all other mail fraud and/or narcotics activity in which he may have been involved or as to which he may have knowledge. Defendant further agrees to provide a complete statement to authorities of the United States concerning such matters prior to the entry of his guilty plea

pursuant to this agreement. Defendant agrees to submit to supplemental debriefings on such matters whenever requested by authorities of the United States, whether before or after her plea is entered.

Pursuant to §1B1.8 of the Federal Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range.

6. By virtue of pleading guilty to Counts 1, 2 and 9 of the Indictment in exchange for the dismissal of Counts 3, 4, 5, 6, 7, 8, 10, 11, 12 and 13, the defendant understands that he is not a prevailing party as defined by 18 U.S.C. §3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives his right to sue the United States.

7. The parties agree that the pursuant to U.S.S.G. 2F1.1(a) (year 2000 Sentencing Guidelines) the base offense level attributable to defendant DUNYASHA YETTS for the offenses to which he is pleading guilty in Counts 1 and 2 is an offense level of 6 (six). The parties agree that pursuant to §2F1.1(b)(1) that the amount of loss is more than $1,500,000 but less than $$2,500,000, which results in an increase of 12 (twelve) levels. The parties further agree that pursuant to §2F1.1(b)(2) that the offense involved more than one victim which results in an

3

increase of 2 (two) levels. The parties understand that these agreements are not binding on the Court and the final determination concerning relevant conduct and offense level rests solely with the Court.

8. The parties agree that pursuant to U.S.S.G. §2D1.1(c), the relevant conduct attributable to the defendant DUNYASHA YETTS which can be proved by the United States independent of his proffer, for the conspiracy to distribute marijuana offense to which he is pleading guilty in Count 9, is at least 10 kilograms but less than 20 kilograms of marijuana (or, in other words, a base offense level of 16). The parties further understand that this agreement is not binding on the Court and the final determination concerning the quantity of marijuana to be considered as relevant conduct for purposes of sentencing rests with the Court.

9. The United States Attorney for the Southern District of Ohio recommends that as of the time of the execution of this Plea Agreement the defendant has accepted responsibility for the offense(s) to which he has agreed to plead guilty. If the defendant continues to accept responsibility through the time of sentencing, the United States will file a motion pursuant to U.S.S.G. § 3E1.1(b) stating to the District Court that the defendant has timely notified authorities of his intention to plead guilty.

10. The parties have further agreed pursuant to U.S.S.G. §5E1.1 and 18 U.S.C. §3663, that Defendant shall pay restitution to the following victims as specified in the Indictment: $262,176.82 to Joanna D. Nahay; $1,336,000.00 to Antoine Winfield; $6,903.72 to Lois Bagent; $78,362.25 to Patrick Leonard; $76,950.25 to Ronald Fisher; $44,033.51 to Gus and Lori Dakis; and $20,000.00 to David Baust.

11. Defendant understands that this agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses which the United States discovers by independent investigation. Further, should Defendant DUNYASHA YETTS fail to comply fully with the terms and conditions set forth herein or should he fail to appear as required for sentencing, this agreement is void and of no effect, and Defendant shall be subject to prosecution as if the agreement had never been made.

12. The Defendant is aware that the United States Sentencing Guidelines and Policy Statements are no longer mandatory in determining his sentence. However, the defendant also understands that said guidelines and policy statements will be given consideration by the District Court, in conjunction with all other sentencing factors set forth in 18 U.S.C. §3553(a), to determine the appropriate sentence, pursuant to U.S. v. Booker,

543 U.S. ___, 2005 WL 50108 (January 12, 2005). The Defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the Defendant pleads guilty. The Defendant is aware that the Court has not yet determined a sentence. The Defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the Defendant may have received from the Defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the Defendant will receive and the Defendant cannot withdraw a guilty plea based upon the actual sentence.

13. It is agreed that if the Court refuses to accept any provision of this Plea Agreement, with the exception of paragraphs 7, 8 and/or 9, neither party is bound by any of its provisions, Defendant may withdraw his guilty plea, and the United States Attorney for the Southern District of Ohio may pursue prosecution of the same or additional charges without prejudice.

14. Finally, the United States Attorney for the Southern District of Ohio agrees that if Defendant DUNYASHA YETTS provides substantial assistance in the investigation or prosecution of others who have committed criminal offenses, the United States

6

Attorney may move the Court pursuant to 18 U.S.C. §3553(e) and\or §5K1.1 of the Federal Sentencing Guidelines for an appropriate departure from the otherwise applicable guideline range for defendant's sentence and will in connection therewith make known to the Court the nature and extent of defendant's assistance. Defendant understands that whether such motion should be made lies within the discretion of the United States Attorney and that whether and to what extent such motion should be granted are solely matters for determination by the Court.

15. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties.

8-25-05
DATE

DUNXASHA YATES
Defendant

SAMUEL H. SHAMANSKY (0030722)
Attorney for Defendant

GREGORY G. LOCKHART
United States Attorney

KEVIN W. KELLEY (0042406)
Assistant U.S. Attorney

7